Rodger W. CROSS, Plaintiff—Appellant,

and

Nick Budnick; United States of America, Justice Department, Claimants,

v.

MULTNOMAH COUNTY SHERIFF'S OFFICE; Multnomah County; Multnomah County Corrections Officers Association, an unincorporated association; Darcy Bjork, personally; Jack Diamond, personally; Bernard A. Giusto, Sheriff of Multnomah County, Oregon, Defendants—Appellees.

No. 03–35563.

D.C. No. CV–01–01848–JE.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2004.

Decided Jan. 12, 2005.

Thomas J. Flaherty, Esq., Hillsboro, OR, for Plaintiff–Appellant.

Agnes Sowle, Esq., Jenny M. Morf, Henry J. Kaplan, Esq., Bennett Hartman & Reynolds, Portland, OR, for Defendants–Appellees.

Before T.G. NELSON, RAWLINSON, Circuit Judges, and SCHWARZER,* District Judge.

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

MEMORANDUM **

Appellant Rodger W. Cross contends that he was accorded inadequate procedural due process. We disagree. Procedural due process required that Cross be given notice and an opportunity to respond prior to his termination. *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Cross was afforded both. There is no requirement that an employee be afforded an opportunity to confront opposing witnesses and cross-examine them under oath. *See id.* at 545, 105 S.Ct. 1487 (noting that "something less than a full evidentiary hearing is sufficient") (internal quotation marks and citation omitted).

We also reject Cross's contention that the sheriff's alleged bias rendered the pretermination proceedings constitutionally deficient. The sheriff's participation in enforcing the County's workplace rules did not preclude his participation in the subsequent pretermination hearing. *See Vanelli v. Reynolds Sch. Dist.,* 667 F.2d 773, 779 n. 10 (9th Cir.1982) (holding that school board members' prior participation in a termination decision did not render them impermissibly biased at a subsequent hearing to review the termination decision). Cross failed to rebut the presumption of the sheriff's honesty and integrity because he did not present any evidence of actual or apparent bias.[1] *See Stivers v. Pierce,* 71 F.3d 732, 741 (9th Cir.1995). AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. During oral argument, Cross also challenged the district court's ruling on the basis that he was not fired for just cause. Because Cross did not raise this argument in his opening brief, we decline to consider it. *See Koerner v. Grigas,* 328 F.3d 1039, 1048 (9th Cir. 2003).

